IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF THE CARPENTERS' HEALTH
AND WELFARE TRUST FUND OF ST. LOUIS,

Plaintiffs,

vs.

Case No. 10-0130-DRH

LANNY H. DARR II,
JAMES COREY MILLER,
and KIMBERLY MILLER,

Defendants.

## PERMANENT INJUNCTION ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On February 25, 2010, the Court held oral argument on Defendants' motion to dismiss and dissolve Temporary Restraining Order entered February 18, 2010 and Plaintiffs' motion for Preliminary Injunction Order (Doc. 29). Based on the record, the oral argument and the applicable law, the Court orally denied Defendants' motion to dismiss and granted the motion for preliminary injunction which the Court consolidated to a trial on the merits. Based on the reasons thoroughly stated on the record during the February 25, 2010 hearing and pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 52(a)**, the Court enters the following Findings of Fact and Conclusions of Law as to the Permanent Injunction.

## II. **Findings of Fact** [1]

1. Plaintiffs are the Trustees of the Carpenters' Health and Welfare Trust of St. Louis ("the Plan"), an employee benefit plan subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), **29 U.S.C. § 1001** ***et seq.***

2. Defendant James Corey Miller is a Member and a covered person under the Plan, eligible for Plan benefits.

3. Defendant Kimberly Miller is the wife of James Miller, and as Miller's dependent, is a covered person under the Plan, eligible for Plan benefits.

4. Defendant Lanny H. Darr II is an attorney and represents the Millers.

5. James Miller was injured on or about May 4, 2006, due to a fall from a ladder, for which a third party may have been legally responsible.

6. The Plan states that "[i]n the event that a covered person shall recover any amount from a third party, by judgment, settlement or otherwise, for an act or omission causing an injury or sickness for which the Plan paid benefits, the covered person shall be obligated to immediately reimburse the Plan for all such benefits paid, …"

7. The Plan also contains provisions stating that it is not obligated to pay or contribute to or be charged for any part of any attorney's fees or other expenses incurred by a covered person to obtain a third-party recovery, and all such

---

[1] The facts are not in dispute.

fees and expenses are the obligations of the covered person alone.

8. On February 26, 2008, the Plan received from Defendants Miller and Darr a Subrogation Agreement containing an assignment of "any and all proceeds" Miller might receive from any third party on account of his injuries, "without any deduction whatsoever" up to the amount of benefits paid by the Plan. This Agreement was signed by both Miller and Darr on February 22, 2008.

9. Based on the Subrogation Agreement and the representations of Miller and Darr that they would abide by the provisions of the Plan, the Plan advanced $86,709.73 in benefits on account of Miller's injuries.

10. Thereafter, the Millers, by and through Darr, filed a personal injury case, ***James Miller and Kimberly Miller v. Roger Cone*, No. 08-L-168**, in the Circuit Court of Madison County, Illinois. After mediation, the personal injury case settled for $500,000.00.

11. On November 30, 2009, Darr submitted payment to the Plan in the amount of $57,806.48, in partial satisfaction of the Plan's claim. Thereafter, by letter of December 4, 2009, Darr informed counsel for Plaintiffs that Miller had authorized full reimbursement to the Plan in order to preserve his entitlement for future benefits and tendered a Trust account check in the amount of $28,903.25.

12. After having committing the Plan to pay out medical benefits it was not required to pay out, without first getting the agreement that all concerned with abide by the terms of the Plan, which required that 100% of the benefits be paid back to the Plan, and in derogation of the subrogation agreement signed by the Defendants

on February 22, 2008, on December 28, 2009, Darr, on behalf of the Law Firm, Schrempf, Kelly Napp & Darr, Ltd., filed suit against the Plan in the Circuit Court of Madison County, Illinois for attorney's fees to recover the sum of $28, 903.25, plus costs of suit from the Plan relying on the Illinois Common Fund Doctrine.

13.  On January 19, 2010, a Summons in Darr's case for attorney's fees was delivered to the Plan's Office in St. Louis, Missouri.

14.  On February 17, 2010, Plaintiffs filed a three-count complaint in this Court (Doc 2).  It alleges that "[t]his is an action by Plan fiduciaries to enjoin actions and practices of the Defendants which violate the terms of the Plan, and for other equitable relief to redress such violations and enforce the terms of the Plan." Count I is for temporary restraining order and injunction; Count II is for construction and declaration of rights under express trust (Settlement Trust); and Count III is for construction and declaration of rights under express trust (Plan Asset Trust).[2]  The next day, the Court issued a Temporary Restraining Order ("TRO") against Defendants (Doc. 11).

15.  On February 25, 2010, the Court held a hearing on Defendants' motion to dismiss and to dissolve TRO and Plaintiffs' motion for preliminary injunction.  The Court orally denied Defendants' motion to dismiss, consolidated the hearing on the preliminary injunction with the trial on the merits pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 65(a)(2)**, and orally entered a permanent

---

[2] Counts II and III are alternative counts in the event that the Court denies the request for injunctive relief in Count I.

injunction against Defendants.

### III. Conclusions of Law

1. The Court has jurisdiction pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Court in ruling relies on the Findings of Fact recited above.

2. The Plan document creates contractual rights and obligations and it must be administered in accordance with the Plan documents notwithstanding State, or even Federal common law, to the contrary. **29 U.S.C. § 1104(a)**; *See* ***Kennedy v. Plan Administrator for Dupont Savings and Investment Plan*, 129 S.Ct. 865 (2009)**.

3. Miller became contractually bound to the terms of the Plan when he became a Member. Moreover, Miller and Darr signed a Subrogation Agreement wherein they agreed they would abide by the terms of the Plan. Miller received valuable consideration for this promise when the benefits were advanced to him.

4. The state court case which Defendant Darr filed, if Darr succeeded, would require the Plan administrator to violate the express terms of the Plan.

5. Further, if the Plan would be forced to disgorge assets for the payment of attorneys's fees, then the Plan could seek action against Miller directly or could withhold the amount from Miller's future benefits pursuant to the Plan. Thus, the Millers are necessary parties to the litigation.

6. A state law claim for attorney's fees such as Darr's pursuant to the Illinois Common Fund Doctrine is pre-empted by ERISA when the plan document

provides it must be reimbursed the monies the plan paid out and that such attorney's fees are the responsibility of the plan participant and not the plan's responsibility. *See Administrative Committee of Walmart Stores, Inc. Associates of the Welfare Plan v. Varco*, **338 F.2d 680 (7th Cir. 2003)**; **29 U.S.C. § 1144(a)**.

  7. Here, Darr is relying on the Illinois Common Fund Doctrine. He asserts that because the Plan has been paid back in full he can bring his claim for attorney's fees against the Plan. His assertion that this case is distinguishable from *Varco* is disingenuous. He asserts that such is the case because he is not holding a fund himself, that he paid all monies over to the Carpenters' Plan and therefore, *Varco* and, consequently, ERISA do not apply. However, this is a distinction without a difference. His state court action to force the Carpenters' Plan to pay his attorney fees will still cause the trustees to violate the terms of the Plan now rather than earlier. The Court finds that *Varco* still controls this case despite Defendants' attempt to draw a distinction.

  8. Section 502(a)(3(A) of ERISA expressly authorizes a federal court to "enjoin any act of practice which violates any provision of this subchapter or the terms of the plan." **29 U.S.C. § 1132(a)(3)(A)**.

  9. Thus, the Court enters a permanent injunction on Count I of Plaintiffs' complaint and **DISMISSES with prejudice** Counts II and III of Plaintiffs' complaint. Further, the Court retains jurisdiction over Count I to enforce the terms

of the Permanent Injunction.

10. Section 502(g) of ERISA authorizes a federal court "to allow reasonable attorney's fees and costs of action to either party."

### IV. Conclusion

The Court permanently **ENJOINS** Defendants Lanny H. Darr II, James Corey Miller and Kimberly Miller, and all those acting for or in concert with them from each and every of the following acts:

(a) pursuing the pending State Court action for attorney's fees, known and identified as ***Schrempf, Kelly, Napp & Darr, LTD. v. Carpenters Health and Welfare Trust Fund*, No. 09-MR-745**, in the Circuit Court of Madison County, Illinois, or

(b) attempting to enforce any Order of Judgment that may be issued against the Carpenters' Health and Welfare Trust Fund of St. Louis is the aforesaid State Court action, or in any other action or proceeding that seeks to enforce the any action for attorneys fees or the Illinois Common Fund Doctrine against the Carpenters' Health and Welfare Trust Fund of St. Louis, or

(c) from initiating or pursuing or participating in any further proceedings, in State Court or otherwise, in an attempt to enforce an action for attorneys fees or the Illinois Common Fund Doctrine against the Carpenters' Health and Welfare Trust Fund of St. Louis.

Further pursuant to § 502(g) of ERISA, the Court **FINDS** that Plaintiffs,

as the Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis are entitled to reasonable attorney's fees and costs.  However, at this time the Court **RESERVES** ruling on the issue of attorney's fees and costs.  The Court **ORDERS** the parties to brief the issue.  The Court **ALLOWS** Plaintiffs up to and including March 19, 2010 to file their brief and Defendants up to and including April 2, 2010 to file their brief.

**IT IS SO ORDERED.**

Signed this 5th day of March, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**