IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF THE CARPENTERS' HEALTH
AND WELFARE TRUST FUND OF ST. LOUIS,**

**Plaintiffs,**

**v.**

**LANNY H. DARR II,
JAMES COREY MILLER,
and KIMBERLY MILLER,**

**Defendant.**                                                    **No. 10-0130-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Plaintiffs Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis Bill of Costs and motion for attorneys' fees (Doc. 41). Defendant Darr objects to the Bill of Costs and motion for attorneys' fees (Doc. 55 & 56). The matter is fully briefed and the Court rules as follows.

### II. Analysis

In an action under the Employee Retirement Income Security Act, **29 U.S.C. § 1132(a)(3)** (ERISA), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." **29 U.S.C. § 1132(g)(1)**. "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." ***Laborers' Pension Fund v. Lay-Com, Inc.***, 580

F.3d 602, 615 (7th Cir. 2009); (quoting *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001)); *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir. 1995).

A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999); *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985).

Two tests have been applied in the Seventh Circuit to determine fee awards. The "substantial justification" test articulated in *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820 (7th Cir. 1984), awards fees to the prevailing party "unless the loser's position, though unsuccessful, had substantial justification." *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670 (7th Cir. 2007). Meanwhile, the "five-factor" test allows the Court to consider the following factors:

> 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; 3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; 5) the relative merits of the parties' positions.

*Sullivan*, 504 F.3d at 671; (citing *Janowski v. International Brotherhood of Teamsters*, 673 F.2d 931, 940 (7th Cir. 1982), vacated on other grounds.)

Regardless of which test a court employs, the question asked is essentially the same, "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" **Stark v. PPM America, Inc., 354 F.3d 666, 673 (7th Cir. 2004); Bowerman v. Wal Mart Stores, Inc., 226 F.3d 574, 593 (7th Cir. 2000).**

A reasonable fee can be calculated using the "lodestar" method, which is the "product of an attorney's reasonable hourly rate and the number of hours reasonably expended." **Stark, 354 F.3d at 674; Hensley v. Eckerhart, 461 U.S. 424, 102 S. Ct. 1933, 76 L.Ed.2d 40 (1983); Mathur v. Bd. of Tr. of S. Ill. Univ., 317 F.3d 738 (7th Cir. 2003).** "Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." **Stark, 354 F.3d at 674.**

A reasonable hourly rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the kind of work in question." **Stark, 354 F.3d at 674. (citing People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307 (7th Cir. 1996)).**

The moving party has the burden of proving a reasonable market rate and once such has occurred, the burden of proof shifts to the opposing party to show that a lower rate should be applied. **Stark, 354 F.3d at 674-675; McNabola v. Chicago Transit Auth., 10 F.3d 501 (7th Cir. 1993).**

Considering costs, the Court will apply **28 U.S.C. § 1920** which sets forth the categories of expenses which properly may be taxed, including:

>(1) Fees of the Clerk and Marshal;
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**28 U.S.C. § 1920**.[1] Expenses not on the statutory list must be borne by the party incurring them. ***Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998).**

Plaintiffs' Bill of Costs seek $564.27 expended in relation to this action. Specifically, Plaintiffs maintain that they are entitled to a $100.00 filing fee for admission pro hac vice, a $350.00 filing fee for the complaint, and an unidentified fee of $114.27.

Defendant maintains that Plaintiffs are not entitled to the pro hac vice fee as it is not contained in the categorical list under **28 U.S.C. § 1920**. Further, Defendant argues that the amount of $114.27 should not be awarded because it has not been accounted for in the Plaintiffs' affidavit. The Court agrees.

Thus, the Court **DENIES** the Plaintiffs' request for the $100.00 pro hac vice fee and the unspecified amount of $114.27. The Court **AWARDS** Plaintiffs' $350.00 in costs.

Plaintiffs also move the Court to award attorneys' fees in the amount of

---

[1] There exists some authority which suggests Federal Rule of Civil Procedure 54(d)(1) to be inapplicable. In any event, the Court views it reasonable to apply the 28 U.S.C. § 1920 categories of costs to be taxed.

$27,643.75. Plaintiffs claim that they are entitled to attorneys' fees because they are the prevailing party, the requested fees are reasonable, and the position advocated by Defendant was not substantially justified. Plaintiffs claim that the time spent preparing and pursuing this action total 123.25 hours of attorneys' time. Of the 123.25 hours spent, Plaintiffs claim that 117.75 hours were spent by attorney James E. Robertson at a rate of $225.00 per hour and 5.50 hours can be attributed to attorney David G. Millar at a rate of $250.00 per hour.

Plaintiffs maintain that the amount of time and rate expended are reasonable based on the tasks required to prepare and pursue the action and the experience these attorneys offered in carrying out those tasks.

Defendant argues that attorneys' fees should not be awarded because they were not acting in bad faith, that their claims during the action were substantially justified, and that they were not seeking to harass the Plaintiffs. Further, Defendant argues that a denial of attorneys' fees should be ordered because the Plaintiffs produced an inadequate record to account for the time and rate expended on the action. The Court disagrees with the Defendant.

**29 U.S.C. § 1132(a)(3)(A)** of ERISA states that a federal court may "enjoin any act of practice which violates any provision of this subchapter or the terms of the plan." Defendant's reliance on the Illinois Common Fund Doctrine and interpretation of ***Administrative Committee of Walmart Stores, Inc. Associates of the Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir. 2003)**, was not substantially

justified nor taken in good faith. Just as the Court found in the Permanent Injunction Order, the position of the Defendants was at all times disingenous. To first pay the Trustees the money and then pursue a lien in an effort to get the money back relying on the Illinois Common Fund Doctrine was not a good faith manipulation of the law. It did not, this Court found, avoid the effects of the 7th Circuit's ruling in ***Administrative Committee of Walmart Stores, Inc. Associates of the Welfare Plan v. Varco*, 338 F.2d 680 (2003).** (See Doc. 33.)

Furthermore, the Court finds that the rate and time provided by Plaintiffs' attorneys to be reasonable. Therefore, the Court **GRANTS** Plaintiffs' motion for attorneys' fees.

Lastly, Plaintiffs seek $200.60 in costs they expended in relation to the Illinois State Court Common Fund Doctrine suit commenced by Defendant in the Madison County, Illinois, Circuit Court. Also, Plaintiffs move the Court for attorneys' fees for time spent preparing and pursuing that action. Defendant objects to such an award of costs and fees because the Common Fund Doctrine claim was brought in Illinois State Court and not under ERISA in the proceeding before this Court. The Court agrees with Defendant. Plaintiffs are not entitled to those costs and fees (Doc. 41).

Therefore, the Court **DENIES** the Plaintiffs' request for fees in relation to the Illinois State Court Action.

### III. Conclusion

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Bill of

Costs and motion for attorneys' fees. The Court **AWARDS** $350.00 to Plaintiffs in costs and **AWARDS** Plaintiffs $27, 643.75 in attorneys fees. Therefore, the Court **AWARDS** a total of $27,993.75 to Plaintiffs to be paid by Defendant Lanny H. Darr II.

IT IS SO ORDERED

Signed this 24th day of June, 2010.

/s/ David R Herndon
Chief Judge
United States District Court