IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF THE CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS, <br><br> Plaintiffs, <br><br> vs. <br><br> LANNY H. DARR, II, JAMES COREY MILLER, KIMBERLY MILLER, <br><br> Defendants. | Case No. 10-cv-0130-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order (Doc. 118) and Motion for Preliminary Injunction (Doc. 120). For the following reasons, the Motion for Temporary Restraining Order is **GRANTED** and the Motion for Preliminary Injunction is set for a hearing on May 27, 2016 at 9:30 a.m.

Plaintiffs are the Trustees of the Carpenters' Health and Welfare Fund of St. Louis ("the Plan"). Defendant James Miller is an individual who was a participant in the Plan. Defendant Kimberly Miller is the spouse of James Miller and was a co-plaintiff in a personal injury action filed against Roger Cone in the Circuit Court of Madison County, Illinois. Defendant Lanny Darr is an attorney who represented the Millers in the personal injury action.

The Plan paid medical expenses and disability benefits of $86,709.73 for injuries James Miller suffered in an accident involving Cone (Doc. 119). The Millers settled their suit against Cone for $500,000 (Doc. 119). Subsequently, Defendant James Miller reimbursed the Plan the $86,709.73 it paid for medical expenses and disability benefits (Affidavit of Carolyn Perez, Doc. 118, Ex. 1, Doc. 117-2).

Subsequently, Defendant Darr filed suit in state court claiming that one-third of the $86,709.73 Defendant Miller reimbursed to Plaintiffs was due to him as attorney fees pursuant to the Illinois Common Fund Doctrine (Affidavit of Carolyn Perez, Doc. 118, Doc. 117, Ex. 10). The state trial court and state appellate court agreed with Defendant Darr and the Illinois Supreme Court refused to hear the Plan's appeal (Doc. 117).

Having received judgment in his favor in the state court proceedings, Darr initiated garnishment proceedings against the Plan and received $45,587.20 from Commerce Bank—the total of Darr's one-third attorney fees from the $86,709.73 plus interest and costs (Doc. 117, Ex. 16). The Plan now contends that it owns an equitable lien against Defendants in the amount of $45,587.20. The Plan further contends that a Temporary Restraining Order is necessary to prevent Defendants from dissipating the claimed lien funds and/or disposing of assets traceable to those funds.

The standard for granting a temporary restraining order and the standard for granting a preliminary injunction are identical. *U.S. Mercy Regional Health Systems, Ltd.*, 2008 WL 695918 (S.D. Ill. March 13, 2008). A party seeking a temporary restraining order bears the burden of showing that it is "reasonably likely to succeed on the merits[,] is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest" (referring to preliminary injunction) *Joelner v. Vill of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

As to the first element, plaintiffs need only demonstrate that they have a "better than neglible" chance of succeeding on the merits. *Ty Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). The Court finds that Plaintiffs verified Amended Complaint demonstrates a "better than neglible" likelihood of success on the merits for purposes of a temporary restraining

order. The Plan Document provisions provide that the Plan is not obligated to pay for any attorney fees or other expenses incurred by a covered person to obtain a third-party recovery. Further, Plaintiffs cite to a Supreme Court case which provides that an ERISA plan is not negated by a Common Fund Doctrine. See *US Airways v. McCutchen*, 133 S.Ct 1537 (2013).

Harm is irreparable if it cannot be prevented or fully rectified by the final judgment after trial. *Girl Scouts of Manitou Council, Inc. v. Girls Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008). Here, the Plan would suffer irreparable harm if the TRO is not issued. The verified Amended Complaint and motion for TRO allege sufficient facts indicating that Defendants may dissipate the settlement fund and thus destroy the Plan's equitable lien of $45,587.20 prior to Plaintiffs being able to fully litigate this issue before this Court.

The Court also finds that there is no adequate remedy at law. If not restrained, Defendants may well dispose of the settlement proceeds and all assets traceable to the proceeds without first fully resolving this litigation. In that event, there would be no fund from which the Plan could recover if successful. Finally, the Court finds that under the relevant circumstances, the potential destruction of the Plan's equitable lien outweighs any potential injury to Defendants.

Therefore, at 1:45 p.m. this 13th day of May 2016, this Court **ISSUES** a Temporary Restraining Order enjoining and prohibiting Defendants, their agents, servants, employees, attorneys, and all persons acting in concert and participation with them, be enjoined as follows:

1. Defendants are restrained from spending, transferring, or dissipating all or any portion of the proceeds of a $500,000.00 settlement between Defendants and Roger Cone, Defendant in Case No. 08-L-168 in the Circuit Court of Madison Count,

Illinois, in connection with a personal injury claim brought by Defendants against Roger Cone, and

2. Defendants are restrained from transferring, dissipating, or in any way disposing of any identifiable or traceable assets that Defendants may have acquired with any of the proceeds of such settlement.

**Plaintiffs shall serve this Order on Defendants immediately.**

This Temporary Restraining Order will EXPIRE at 9:45 a.m. on the 27th day of May, 2016. Further, Plaintiffs' Motion for Preliminary Injunction is hereby set for hearing on May 27, 2016 at 9:30 a.m. before the undersigned in Benton, Illinois.

**IT IS SO ORDERED.**

**DATE: May 13, 2016**                                                         **s/ Staci M. Yandle**
                                                                               **STACI M. YANDLE**
                                                                               **DISTRICT JUDGE**