IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF THE CARPENTERS'
HEALTH AND WELFARE TRUST FUND
OF ST. LOUIS,

                Plaintiffs,

    vs.

LANNY H. DARR, II, JAMES COREY
MILLER, KIMBERLY MILLER,

              Defendants.

Case No. 10-cv-0130-SMY-SCW

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss to which Plaintiffs have responded, and Plaintiffs' Motion for a Preliminary Injunction to which to Defendants have responded.  A hearing on the motions was held on May 27, 2016.  In accordance with the undersigned's rulings made in open court, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**, Plaintiffs' Motion for Preliminary Injunction is **DENIED** and the Temporary Restraining Order entered on May 13, 2016 is **DISSOLVED**.

Plaintiffs are the Trustees of the Carpenters' Health and Welfare Fund of St. Louis ("the Plan").  Defendant James Miller is an individual who was a participant in the Plan.  Defendant Kimberly Miller is the spouse of James Miller and was a co-plaintiff in a personal injury action filed against Roger Cone in the Circuit Court of Madison County, Illinois.  Defendant Lanny Darr is an attorney who represented the Millers in the personal injury action.

The Plan paid medical expenses and disability benefits of $86,709.73 for injuries James Miller suffered in an accident involving Cone (Doc. 119).  The Millers settled their suit against Cone for $500,000 (Doc. 119).  Following the settlement, Defendant James Miller reimbursed

the Plan the $86,709.73 it paid for medical expenses and disability benefits (Affidavit of Carolyn Perez, Doc. 118, Ex. 1, Doc. 117-2).

Subsequently, Defendant Darr filed suit in state court claiming that one-third of the $86,709.73 Defendant Miller reimbursed to Plaintiffs was due to him as attorney fees pursuant to the Illinois Common Fund Doctrine (Affidavit of Carolyn Perez, Doc. 118, Doc. 117, Ex. 10). The state trial court and state appellate court agreed with Defendant Darr and the Illinois Supreme Court refused to hear the Plan's appeal (Doc. 117).

Having received judgment in his favor in the state court proceedings, Darr initiated garnishment proceedings against the Plan and received $45,587.20 from Commerce Bank—the total of Darr's one-third attorney fees from the $86,709.73 plus interest and costs (Doc. 117, Ex. 16). The Plan now contends that it owns an equitable lien against Defendants in the amount of $45,587.20.

Plaintiffs filed an Amended Complaint on May 9, 2016 (Doc.117). In the Amended Complaint, Plaintiffs allege that the Millers have failed to reimburse the Fund for benefits advanced to Defendant James Miller. The other counts of the Amended Complaint relate to Defendant Darr.

Plaintiff's moved for a temporary restraining order which the Court granted on May 13, 2016. Plaintiff also filed a Motion for Preliminary Injunction based on the Amended Complaint in which Plaintiff's sought to enjoin Defendants from dissipating the claimed lien funds and/or disposing of traceable assets. Defendants responded to the Motion for Preliminary Injunction and combined their response with a Motion to Dismiss.

**Motion to Dismiss**

In their Motion to Dismiss, Defendants first argue that the Court has no subject-matter jurisdiction to decide this case due to the Rooker-Feldman Doctrine.  The Rooker-Feldman Doctrine precludes a district court from exercising appellate jurisdiction over state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Here, Count I of the Amended Complaint seeks enforcement of an equitable lien against the Millers (Doc. 117, p. 12).  Counts II, III, and IV of the First Amended Complaint raise issues against Defendant Darr (Enforcement of Equitable Lien, Breach of Contract, and Breach of Fiduciary Duty).

With respect to Count I, Plaintiffs have failed to allege a cause of action against the Millers.  James Miller was a covered participant under the Fund.  He had certain obligations under the ERISA plan when he received medical payments for his injury.  James Miller reimbursed the plan the full $86,709.73 from the settlement and therefore complied with and met his obligations.  Also, the Millers were not parties to the state court action which resulted in the Judgment in favor of Darr and against Plaintiffs and is the basis for the claims set forth in the Amended Complaint.  Accordingly, Count I of Plaintiffs' Amended Complaint is **DISMISSED without prejudice**.

As to Plaintiffs' Counts II, III, and IV, the Court finds that the claims pled against Defendant Darr are not barred by the Rooker-Feldman Doctrine.  These claims do not seek the annulment of the state court decision by this Court or seek to have this Court sit as an appellate court over the state court decision.  Rather, the Amended Complaint raises claims independent from the state court action.  However, at this juncture, the Court is not making any determination as to whether the state court action has a preclusive effect on the current case—that issue is

properly raised as an affirmative defense.  Accordingly, Defendants' Motion to Dismiss Counts II, III and IV is **DENIED**.

## Motion for Preliminary Injunction

In the Motion for Preliminary Injunction, Plaintiffs argue that if Defendant Darr is not enjoined from dissipating, transferring or in any way disposing of any identifiable or traceable assets, Plaintiffs will be irreparably harmed because they will lose their equitable lien against Defendant Darr.  The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits. *American Hospital Ass'n v. Harris*, 625 F.2d 1328 (7th Cir. 1980). In order to grant a traditional Motion for Preliminary Injunction, the Court must consider (1) whether Plaintiff has a reasonable likelihood of success on the merits, (2) whether Plaintiff will have an adequate remedy at law or will be irreparably harmed if the Court does not issue the injunction, (3) whether the threatened injury to Plaintiff outweighs the threatened harm the injunction may inflict on Defendant, and (4) whether the Court's granting or denial of the injunction will harm the public interest. *Adams v. Attorney Registration and Disciplinary Com'n of Supreme Court of Illinois*, 801 F.2d 968, 971 (7th Cir. 1986).

Here, Plaintiffs failed to establish that they would suffer irreparable harm if the injunction was not issued.  Specifically, Plaintiffs have failed to establish that they have a reasonable likelihood of succeeding on their equitable lien claim against Darr.  At the same time, should they succeed on their breach of the subrogation agreement claim, they would have an adequate remedy of damages. Accordingly, the Temporary Restraining Order is **DISSOLVED** and Plaintiffs' Motion for Preliminary Injunction is **DENIED**.

Defendants are granted 30 days from the issuance of this Order to answer Plaintiffs' First Amended Complaint.

**IT IS SO ORDERED.**

**DATE: June 13, 2016**                                        s/ Staci M. Yandle
                                                               **STACI M. YANDLE**
                                                               **DISTRICT JUDGE**